DECISION AND JUDGMENT
{¶ 1} This is a consolidated appeal from two judgments of the Lucas County Court of Common Pleas, one which denied appellant's second petition for postconviction relief on June 13, 2008, and the second that dismissed appellant's third petition for postconviction relief on July 2, 2008. For all of the reasons set forth below, this court affirms the judgment of the trial court. *Page 2 
 {¶ 2} Appellant, Pedro A. Diaz, sets forth the following two assignments of error:
 {¶ 3} "NO. 1 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VOID OR VACATE THE LESSER-INCLUDED OFFENSE OF MURDER.
 {¶ 4} "The Trial Court Committed An Error Of Law By Dismissing The Petition For Post-Conviction Relief."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. In May 2005, appellant was indicted for aggravated murder and aggravated robbery arising from the January 2004 slaying of a North Toledo carryout owner.
 {¶ 6} In October 2005, a three-day jury trial commenced. On October 26, 2005, appellant was convicted of murder and aggravated robbery. Appellant filed a direct appeal of his conviction and sentencing. On August 31, 2007, this court affirmed appellant's convictions and remanded for a Foster resentencing. On September 27, 2007, appellant was resentenced to the precise term imposed in his pre-Foster sentence.
 {¶ 7} On July 27, 2006, appellant filed his first petition for postconviction relief, asserting ineffective assistance of counsel. The petition was denied in September 2006. Several years later, on May 20, 2008, appellant filed a second petition for postconviction relief again asserting ineffective assistance of counsel in allegedly failing to make a Crim. R. 29 motion for acquittal. The court determined that appellant's counsel had, in fact, made a Crim. R. 29 motion for acquittal, counsel was not ineffective, and denied appellant's second petition on June 13, 2008. *Page 3 
 {¶ 8} Three days after the denial of appellant's second petition for postconviction relief, appellant filed his third petition for postconviction relief on June 16, 2008, on the basis of the purported applicability of Colon I.
 {¶ 9} The court found that Colon I, announced nearly six weeks prior to the filing of appellant's third petition, did not apply and on July 2, 2008, appellant's third petition for postconviction relief was dismissed. It is the denial of the second and dismissal of the third petition for postconviction relief which are the subject of this appeal.
 {¶ 10} Both of appellant's assignments of error are based upon the common premise expressly asserted by appellant that the disputed resolutions of his petitions for postconviction relief were erroneous due to the Supreme Court of Ohio ruling in State v. Colon,118 Ohio St.3d 26, 2008-Ohio-1624 ("Colon I").
 {¶ 11} Colon I was issued on April 9, 2008. Appellant filed the appeal of the denial of the second petition for postconviction relief,State v. Diaz, 6th Dist. No. L-08-1222, on July 24, 2008. Appellant filed the appeal of the dismissal of his third petition for postconviction relief, State v. Diaz, 6th Dist. No. L-08-1252, on August 11, 2008. Appellant's second and third petitions were filed and denied/dismissed after the announcement of Colon I.
 {¶ 12} It is well established in Ohio that a new judicial ruling is only applicable to those cases pending on direct appeal on the date of the case issuance. Ali v. State, 104 Ohio St.3d 328, 2004-Ohio-6592. This principle was affirmed in State v. Colon, 119 Ohio St.3d 204,2008-Ohio-3749 ("Colon II"). Colon II unambiguously held, "Our holding in Colon I is only prospective in nature, in accordance with the general policy *Page 4 
that newly declared constitutional rules in criminal cases are applied prospectively, not retrospectively."
 {¶ 13} We find that Colon I does not apply to the disputed denial of appellant's second petition for postconviction relief or the dismissal of appellant's third petition for postconviction relief. Appellant directly appealed his conviction on the merits. It was denied in August 2007. We find that in addition to the inapplicability of Colon I to this matter, res judicata bars further consideration.
 {¶ 14} Wherefore, we find appellant's assignments of error not well-taken. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., CONCUR. *Page 1