DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Edward A. Smith, Jr., appeals the October 4, 2007 judgment of the Lucas County Court of Common Pleas which, following a guilty plea to one count of robbery, sentenced appellant to six years of imprisonment. For the reasons that follow, we affirm the trial court's judgment. *Page 2 
 {¶ 2} The following facts are relevant to this appeal. On August 9, 2007, appellant was indicted on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), and one count of robbery, in violation of R.C. 2911.02(A)(2). The charges stemmed from the July 28, 2007 robbery of a Shell gas station. Appellant entered a not guilty plea to the charges.
 {¶ 3} On September 19, 2007, pursuant to a plea agreement with the state, appellant withdrew his not guilty plea and entered a guilty plea to one count of robbery, in violation of R.C. 2911.02(A)(2). Thereafter, on October 4, 2007, appellant was sentenced to six years of imprisonment. This appeal followed.
 {¶ 4} Appellant now raises the following assignments of error for our review:
 {¶ 5} "First Assignment of Error: Appellant's right to a grand jury indictment under Section 10, Article I, of the Ohio Constitution and his state and federal constitutional rights to due process were violated when the indictment omitted an element of the offense.
 {¶ 6} "Second Assignment of Error: The trial court erred in accepting appellant's guilty plea because it was not made knowingly, intelligently, and voluntarily."
 {¶ 7} In appellant's first assignment of error, he argues that his constitutional rights were violated by a structurally defective robbery indictment that failed to include the recklessly mens rea element. Appellant's argument is based upon the Supreme Court of Ohio case captioned State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624. Conversely, the state argues that there is no mens rea required for either the charge of aggravated *Page 3 
robbery with a firearm specification or the robbery charge. The state further argues that, by entering a guilty plea, appellant waived any defect in the indictment.
 {¶ 8} In State v. Colon ("Colon I"), the court held that where an indictment for robbery failed to contain the applicable reckless element, the issue was not waived where the defendant failed to raise the defect in the trial court. Id. at syllabus. The Colon I court then determined that the defect was a "structural error" because the defective indictment "permeated" the entire trial. Id. at ¶ 29-31.
 {¶ 9} On reconsideration, the Supreme Court of Ohio clarified its rulings. State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749 ("ColonII "). The court first noted that the Colon I decision was prospective in nature. Id. at ¶ 3. The court then stressed that the facts in theColon I decision were "unique" in that "the defective indictment resulted in several other violations of the defendant's rights." Id. at ¶ 6. The court concluded that the structural-error analysis is appropriate only in "rare" cases and that "in most defective indictment cases, the court may analyze the error pursuant to Crim. R. 52(B) plain-error analysis." Id. at ¶ 8. The court then emphasized that the "syllabus in Colon I is confined to the facts in that case." Id.
 {¶ 10} Upon review, we find that the fact that appellant entered a guilty plea and did not proceed to trial distinguishes this case fromColon I. The Colon I decision was largely based on the multiple errors that occurred at trial. Moreover, "`[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the *Page 4 
deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" State v. Spates (1992), 64 Ohio St.3d 269, 272, quoting Tollett v. Henderson (1973), 411 U.S. 258, 267. There is no indication that the Colon decisions intended to abrogate the waiver rule with regard to guilty pleas. Accord State v. Hayden, 8th Dist. No. 90474, 2008-Ohio-6279; State v. McGinnis, 3d Dist. No. 15-08-06,2008 WL 4831450.
 {¶ 11} Alternatively, even reviewing the error under a plain error standard of review we note that an alleged error does not constitute plain error pursuant to Crim. R. 52(B) "* * * unless, but for the error, the outcome of the trial clearly would have been otherwise." State v.Long (1978), 53 Ohio St.2d 91, paragraph two of the syllabus. Appellant has not argued that, but for the alleged error, he would have not entered a guilty plea to the robbery charge. In fact, as a result of entering the plea, the state dismissed the more serious, aggravated robbery charge. Accordingly, we find that appellant's first assignment of error is not well-taken.
 {¶ 12} Appellant's second assignment of error argues that his guilty plea was not knowing and voluntary because he was not notified of the mens rea element. The state again counters that based on the limiting language of Colon II, the Colon holding does not apply to guilty pleas.
 {¶ 13} Before accepting a plea of guilty, Crim. R. 11(C)(2) requires that the trial court inform a defendant of the constitutional rights he waives by entering the plea. State v. Nero (1990), 56 Ohio St.3d 106,107. Specifically, Crim. R. 11(C)(2) provides: *Page 5 
 {¶ 14} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 15} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 16} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 17} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 18} Upon appellate review, the trial court's acceptance of a guilty plea will be considered knowing, intelligent and voluntary so long as, before accepting the plea, the trial court substantially complies with the procedure set forth in Crim. R. 11(C). Nero, at 108. "Substantial compliance means that under the totality of the circumstances the *Page 6 
defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
 {¶ 19} In the present case, appellant pled guilty to one count of robbery in violation of R.C. 2911.02(A)(2), which reads:
 {¶ 20} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 21} "* * *
 {¶ 22} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another; * * *."
 {¶ 23} In this assignment of error, appellant contends that "[t]he court only questioned appellant on the actus reas elements of robbery, and therefore had no information before it related to appellant's understanding of the mens rea element." At the plea hearing, the trial court first confirmed that appellant was not under the influence of drugs and was clear-headed. Appellant, on the record, admitted the commission of the robbery. Appellant stated:
 {¶ 24} "I was walking through the gas station parking lot, and the lady was getting ready to open the door, and I was wanting drugs so bad that it clicked in my mind that I could get the money, and I walked up behind the lady, and I was so close to her that my body was in a threatening manner. I gave her no choice but to open the door and let me in. I went in behind her, and she opened the cash register. After that, I asked her for the money and I took the money and left." *Page 7 
 {¶ 25} Appellant did not dispute that he pushed the clerk down and then forced her to go into the store. The following exchange then took place:
 {¶ 26} "To be clear, Your Honor, I did hear my client say he gave her no choice.
 {¶ 27} "THE COURT: Is that true?
 {¶ 28} "EDWARD SMITH, JR.: Yes.
 {¶ 29} "THE COURT: You gave her no choice but to give you the money?
 {¶ 30} "EDWARD SMITH, JR.: Yes.
 {¶ 31} "THE COURT: You gave her no choice but to give you the money or I'm going to physically do something?
 {¶ 32} "EDWARD SMITH, JR.: Yes, Your Honor."
 {¶ 33} The court then detailed the potential sentence, including the mandatory post-release control term. The court explained the constitutional rights appellant waived by entering the plea and his limited appeal rights.
 {¶ 34} Upon review, we find that appellant, by detailing the events of the robbery and his motivation, did provide the court with evidence of his mens rea. Further, we find that the record is devoid of evidence that the trial court failed to apply the facts to all the elements of robbery. See State v. Moss, 6th Dist. No. L-07-1401, 2008-Ohio-4737 (the court refused to apply Colon to a no contest plea to robbery, in violation of R.C. 2911.02(A)(3).) Based on the foregoing, we find that appellant's guilty plea was knowing, intelligent, and voluntary and that appellant's second assignment of error is not well-taken. *Page 8 
 {¶ 35} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, J., William J. Skow, P.J., Thomas J. Osowik, J., CONCUR. *Page 1