OPINION *Page 2 
{¶ 1} Defendant-appellant, Christopher Johnson, appeals from his convictions and sentences in the Stark County Court of Common Pleas on one count of robbery, a felony of the second degree, in violation of R.C. 2911.02(A)(1) and four counts of robbery, felonies of the third degree, in violation of R.C. 2911.02(A)(3). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On December 10, 2007 the Stark County Grand jury indicted appellant on one count of robbery, a felony of the second degree, in violation of R.C. 2911.02(A)(1) and four counts of robbery, felonies of the third degree, in violation of R.C. 2911.02(A)(3). The charges stemmed from five separate gas station robberies which occurred beginning on October 17, 2007 and ending on November 4, 2007.
 {¶ 3} Subsequent to his arraignment, appellant filed a motion to suppress his statements to police officers, claiming that he was represented by counsel at the time he made them. (Suppression Motion, Jan. 22, 2008). The motion was set for hearing.
 {¶ 4} On February 19, 2008, appellant appeared with his counsel and pleaded guilty to all five counts of robbery as charged in the indictment. Appellant executed a written plea of guilty pursuant to Crim. R. 11(C). Pursuant to the agreement appellant was to receive an aggregate prison sentence of ten years.
 {¶ 5} Appellant acknowledged this negotiated plea at his sentencing hearing: *Page 3 
 {¶ 6} "[VANCE] . . . Judge, it's the State's understanding that Defendant's prepared to enter pleas of guilty as charged and be sentenced by the Court to an agreed upon aggregate term of ten years in prison. He's present in the courtroom represented by Rick Pitinii.
 {¶ 7} "It's also my understanding that the Defendant is prepared to withdraw a motion to suppress that was filed and was scheduled for hearing this morning.
 {¶ 8} "[PITINII] Your Honor, that's a correct recitation; we are withdrawing the motion to suppress after discussing this matter with Chris. It is his intention today to therefore withdraw the motion and he's prepared to enter pleas of guilty to the charges in the indictment. He understands the nature and the terms of the agreement that we have offered to the Court." (T., Plea, February 19, 2008 at 3).
 {¶ 9} The Judgment Entry reflecting appellant's change of plea and sentence reflected the negotiated plea:
 {¶ 10} "The Court further finds the sentence imposed upon the defendant is authorized by law and has been jointly recommended by the defendant and the prosecution, pursuant to Revised Code Section 2953.08(D)." (Judgment Entry, February 22, 2008).
 {¶ 11} The trial court also asked appellant whether he was voluntarily withdrawing his motion to suppress and whether he was waiving his right to appeal. Appellant affirmatively responded to the trial court's inquiries. (Id. at 8-9).
 {¶ 12} In keeping with the negotiated agreement of the parties, appellant was sentenced to eight years in prison on the second degree felony robbery, and two years on each of the third degree felony robberies, those counts running concurrently, but *Page 4 
consecutive to the second degree felony conviction, for a total of ten years. In addition, the trial court suspended the payment of costs until six months after appellant was released from prison.
 {¶ 13} Approximately ninety days after the judgment entry of conviction and sentence was filed in the trial court, appellant filed a pro se notice of appeal. (Notice of Appeal May 27, 2008). On July 3, 2008, this Court granted appellant's motion for delayed appeal and the right to supplement the record with the transcript of the proceedings. On September 3, 2008 the trial court appointed counsel to represent appellant on this appeal.
 {¶ 14} Appellant, through counsel, has raised the following two assignments of error:
 {¶ 15} "I. THE APPELLANT WAS DEPRIVED OF DUE PROCESS OF LAW BY THE STRUCTURAL DEFECT CONTAINED IN THE INDICTMENT WHEREIN AN ESSENTIAL ELEMENT OF THE OFFENSE WAS OMITTED AND THAT DEFECT WAS NOT CURED BY NOTIFICATION OF THE ELEMENT OF RECKLESSNESS TO THE CHARGE OF ROBBERY FROM EITHER THE PROSECUTOR OR THE COURT.
 {¶ 16} "II. THE APPELLANT WAS DENIED HIS RIGHTS TO DUE PROCESS AND OF ASSISTANCE OF COUNSEL BECAUSE THIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE.
 I. {¶ 17} Appellant argues in his first assignment of error that his indictment violated State v. Colon[2], because it did not specify the requisite mens rea element for his robbery charges. Appellant argues that since he pleaded guilty to the defective *Page 5 
indictment, the error was not cured at trial, thereby resulting in structural error. We disagree.
 {¶ 18} Colon, supra, concerned an indictment for robbery in violation of R.C. 2911.02(A) (2), which provides:
 {¶ 19} "No person, in attempting or committing a theft offense * * * shall do any of the following: * * *
 {¶ 20} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm."
 {¶ 21} The Colon court held:
 {¶ 22} "R.C. 2911.02(A) (2) does not specify a particular degree of culpability for the act of `inflict[ing], attempt[ing] to inflict, or threaten [ing] to inflict physical harm,' nor does the statute plainly indicate that strict liability is the mental standard. As a result, [pursuant to R.C. 2901.21(B),] the state was required to prove, beyond a reasonable doubt, that the defendant recklessly inflicted, attempted to inflict, or threatened to inflict physical harm. Colon, 2008-Ohio-1624, ¶ 14,118 Ohio St.3d 26, 885 N.E.2d 917.
 {¶ 23} In the case at bar, appellant was indicted on one count of robbery, a felony of the second degree, in violation of R.C. 2911.02(A) (1), which provides:
 {¶ 24} "No person, in attempting or committing a theft offense, or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 25} "(1) Have a deadly weapon on or about the offender's person or under the offender's control;
 {¶ 26} "* * *"
 {¶ 27} This charge did not contain the physical harm element at issue in Colon, but instead charged that the petitioner "[had] a deadly weapon on or about his person or *Page 6 
under his control, to-wit: a knife, on or about his person or under his control, in violation of Ohio Revised Code Section 2911.01(A) (1) . . ."
 {¶ 28} In State v. Thompson, Ashland App. No. 08COA018,2008-Ohio-5332, this Court considered the application of Colon to an aggravated robbery charge under R.C. 2911.01(A) (1) and held:
 {¶ 29} "Unlike the physical harm element, "[t]he deadly weapon element of R.C. 2911.02(A) (1), to wit, `[h]ave a deadly weapon on or about the offender's person or under the offender's control [,]' does not require the mens rea of recklessness." State v. Wharf (1999), 86 Ohio St.3d 375,715 N.E.2d 172, paragraph one of the syllabus. "To establish a violation of R.C. 2911.02(A) (1), it is not necessary to prove a specific mental state regarding the deadly weapon element of the offense of robbery." Id., paragraph two of the syllabus. The deadly weapon element of aggravated murder is analogous, and also does not require proof of amens rea element. State v. Kimble, Mahoning App. No. 06 MA 190,2008-Ohio-1539, ¶ 29. Therefore, the indictment in this case was not insufficient." Id. at ¶ 31.
 {¶ 30} Accordingly, in the case at bar, we find that the indictment in this case charging appellant with robbery in violation of R.C. R.C. 2911.02(A) (1), was not insufficient.
 {¶ 31} Appellant was also charged in Counts two, three, four and five of the indictment with robbery under R.C. § 2911.02(A) (3). That portion of the robbery statute provides:
 {¶ 32} "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: *Page 7 
 {¶ 33} "* * *
 {¶ 34} (3) Use or threaten the immediate use of force against another.
 {¶ 35} "* * *"
 {¶ 36} The parties in this case agree that R.C. 2911.02(A)(3) does not specify a particular degree of culpability for the act of force nor does the statute or case law plainly indicate that strict liability is the mental standard. As a result, pursuant to R.C. 2901.21(B), the relevantmens rea is reckless. Citing State v. Colon, supra, appellant argues that because the indictment fails to expressly charge the mens rea
element of the crime of robbery under R.C. 2911.02(A)(3) the indictment is fatally defective. Again, we disagree.
 {¶ 37} In the case at bar, appellant entered pleas and admissions to the charges with the advice of counsel. In exchange for the pleas the parties agreed to recommend an aggregate sentence of ten years. (Plea T., February 19, 2008 at 9).
 {¶ 38} R.C. 2953.08(D), which was not effected by the Court's decision in State v. Foster[3], states: "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 39} Under the circumstances of the case at bar, we find that the appellant agreed to the sentence imposed. Even if we were to find R.C. 2953.08(D) was not applicable, the result would not change.
 {¶ 40} As this Court noted in State v. Vance, Ashland App. No. 2007-COA-035, 2008-Ohio-4763, the Supreme Court reconsidered State v.Colon ("Colon I") in State v. *Page 8 Colon ("Colon II"), 119 Ohio St.3d 204, 893 N.E.2d 169, 2008-Ohio-3749. In Colon II, the Court held:
 {¶ 41} "Applying structural-error analysis to a defective indictment is appropriate only in rare cases, such as Colon I, in which multiple errors at the trial follow the defective indictment. In Colon I, the error in the indictment led to errors that `permeate[d] the trial from beginning to end and put into question the reliability of the trial court in serving its function as a vehicle for determination of guilt or innocence.' Id. at ¶ 23, 885 N.E.2d 917, citing State v. Perry,101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, at ¶ 17. Seldom will a defective indictment have this effect, and therefore, in most defective indictment cases, the court may analyze the error pursuant to Crim. R. 52(B) plain-error analysis." Id. at ¶ 8, 802 N.E.2d 643. The Court noted the multiple errors that occurred in Colon I:
 {¶ 42} "As we stated in Colon I, the defect in the defendant's indictment was not the only error that had occurred: the defective indictment resulted in several other violations of the defendant's rights. 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, ¶ 29. InColon I, we concluded that there was no evidence to show that the defendant had notice that recklessness was an element of the crime of robbery, nor was there evidence that the state argued that the defendant's conduct was reckless. Id. at ¶ 30, 885 N.E.2d 917. Further, the trial court did not include recklessness as an element of the crime when it instructed the jury. Id. at ¶ 31, 885 N.E.2d 917. In closing argument, the prosecuting attorney treated robbery as a strict-liability offense. Id. Colon II at ¶ 6." See also, Vance, supra at ¶ 51-53. *Page 9 
 {¶ 43} In the case at bar, the trial court accepted appellant's plea. There was no jury impaneled and therefore, no argument was made alleging this to be a strict liability offense nor was a jury improperly instructed. Appellant was represented by retained counsel and he, with the assistance of counsel, entered into a negotiated plea. Appellant was sentenced pursuant to that negotiated plea. Appellant did not object and therefore failed to preserve his claim that the indictment against him was constitutionally defective. See, State v. Ellis, Guernsey App. No. 2007-CA-46, 2008-Ohio-7002 at ¶ 26. Accordingly, this is not a case where the omission in the complaint permeated the trial from beginning to end and put into question the reliability of the trial court in serving its function as a vehicle for determination of guilt or innocence. Id. at ¶ 27. Therefore, this Court may analyze the error in this case pursuant to the Crim. R. 52(B) plain-error analysis.
 {¶ 44} Crim. R. 52(B) provides that, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. In order to find plain error under Crim. R. 52(B), it must be determined, but for the error, the outcome of the trial clearly would have been otherwise. Id. at paragraph two of the syllabus. Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error and should correct it only to `prevent a manifest miscarriage of justice.'" State v. Barnes (2002), 94 Ohio St.3d 21, 27,759 N.E.2d 1240, quoting State *Page 10 v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. Perry, supra, at 118, 802 N.E.2d at 646.
 {¶ 45} Under the circumstances of the case at bar, there is nothing in the record to show that the appellant was prejudiced. Appellant received the aggregate sentence he had agreed upon in exchange for his pleas of guilty. We find any error in the indictment was harmless beyond a reasonable doubt.
 {¶ 46} Accordingly, appellant's first assignment of error is denied.
 II. {¶ 47} In his second assignment of error, appellant claims his trial counsel was ineffective for waiving his suppression hearing on the day set for the hearing on the motion. We disagree.
 {¶ 48} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry in whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 122 L.Ed.2d 180; Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 49} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St. 3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a *Page 11 
strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 50} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial; a trial whose result is reliable.Strickland 466 U.S. at 687; 694, 104 S.Ct. at 2064; 2068. The burden is upon the defendant to demonstrate that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id.; Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, supra;Bradley, supra.
 {¶ 51} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quotingStrickland at 697. Accordingly, we will direct our attention to the second prong of the Strickland test.
 {¶ 52} Appellant's arguments center upon the withdrawal of his motion to suppress the statements he had made to the police. That withdrawal took place in open court before appellant entered his pleas of guilty to the charges contained in the indictment.
 {¶ 53} First, we would note that appellant expressly agreed to the withdrawal of the motion on the record in open court. (Plea T., February 19, 2008 at 3; 8-9).
 {¶ 54} Under the doctrine of "invited error," it is well-settled that "a party will not be permitted to take advantage of an error which he himself invited or induced the trial *Page 12 
court to make." State ex rel. Smith v. O'Connor (1995),71 Ohio St.3d 660, 663, citing State ex rel. Fowler v. Smith (1994),68 Ohio St.3d 357, 359. See, also, Lester v. Leuck (1943), 142 Ohio St. 91, paragraph one of the syllabus; State v. Morin, Fairfield App. No. 2008-CA-10,2008-Ohio-6707 at ¶ 48. As the Ohio Supreme Court has stated:
 {¶ 55} "The law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted. It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible."Lester at 92-93, quoting State v. Kollar (1915), 142 Ohio St. 89, 91. However, the Courts have not used this doctrine to deny a defendant in a criminal case relief from prejudicial error that occurred during the trial. See, State v. DeLon (May 25, 2001), 2nd Dist. No. 18114;State v. Gentry (1995), 125 Wash.2d 570, 646-647, 880 P.2d 1105, 1150;People v. Cooper (1991), 53 Cal.3d 771, 832, 809 P.2d 865, 900;Walker v. State, Stark App. No. 2007CA00037, 2007-Ohio-5262 at ¶ 48-52.
 {¶ 56} The failure to file a suppression motion does not constitute per se ineffective assistance of counsel. Kimmelman v. Morrison (1986),477 U.S. 365, 384, 106 S.Ct. 2574, 91 L.Ed.2d 305. Failure to file a motion to suppress constitutes ineffective assistance of counsel only if, based on the record, the motion would have been granted. State v.Butcher, Holmes App. No. 03 CA 4, 2004-Ohio-5572, ¶ 26, citing State v.Robinson (1996), 108 Ohio App.3d 428, 433, 670 N.E.2d 1077. *Page 13 
 {¶ 57} Appellant submits that the police interviewed him after he had been arraigned on the charges and was represented by counsel. Appellant contends that the police did not notify his attorney before initiating contact with him.
 {¶ 58} Nothing prohibits a suspect charged with a crime from voluntarily choosing to speak with police officials without an attorney present. Michigan v. Harvey (1990), 494 U.S. 344, 352. In the case at bar, there is no evidence in the record to support appellant's conclusion that the evidence would have established that the statement made by him to police officers was involuntary or in derogation of his Sixth Amendment rights to counsel. All that the record contains are the conclusory statements made by his trial counsel in the motion to suppress.
 {¶ 59} Accordingly, appellant has failed in his burden to demonstrate that the motion to suppress would have been successful. Accordingly, counsel's representation of appellant did not fall below an objective standard of reasonable representation.
 {¶ 60} Based upon the foregoing we find appellant has failed to establish trial counsel was ineffective.
 {¶ 61} Appellant's second assignment of error is denied. *Page 14 
 {¶ 62} For the foregoing reasons, the judgment of the Stark County Court of Common Pleas is affirmed.
Gwin, J., Farmer, P.J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to appellant.
[1] A Statement of the Facts underlying Appellant's original conviction is unnecessary to our disposition of this appeal. Any facts needed to clarify the issues addressed in Appellant's assignment of error shall be contained therein.
[2] 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917.
[3] 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856. *Page 1