OPINION
{¶ 1} Defendant-appellant, Adrian Palacios, Jr. ("appellant"), appeals the decision and judgment of the Franklin County Court of Common Pleas, which dismissed his petition for post-conviction relief.
 {¶ 2} On February 27, 2008, appellant pleaded guilty to third-degree robbery in violation of R.C. 2911.02(A)(3). The court sentenced him to two years' imprisonment, *Page 2 
consistent with a joint recommendation from appellant's counsel and plaintiff-appellee, State of Ohio ("appellee"). No appeal was filed.
 {¶ 3} On June 30, 2008, appellant filed a pro se petition for post-conviction relief. The trial court dismissed the petition because (1) the doctrine of res judicata barred appellant's claim that the indictment issued against him was defective under State v. Colon,118 Ohio St.3d 26, 2008-Ohio-1624 ("Colon I"), and (2) appellant did not establish that he received the ineffective assistance of trial counsel.
 {¶ 4} Appellant appealed, and he raises the following assignments of error:
 ISSUE I
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING THE ASSISTANCE OF COUNSEL TO RAISE NOTED CONSTITUTIONAL DEPRIVATIONS RAISED IN A TIMELY FILED PRO SE PETITION FOR POST CONVICTION RELIEF.
 ISSUE II
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ACQUIRING JURISDICTION ABSENT JUDICIAL REVIEW OF THE CHARGING INSTRUMENT.
 ISSUE III
 THE TRIAL COURT ERRED IN NOT VACATING A JUDGMENT VOID AB INITIO.
 ISSUE IV
 THE TRIAL COURT ABUSED ITS DISCRETION IN NOT FINDING DEFENSE COUNSEL INEFFECTIVE FOR ALLOWING [APPELLANT] TO NOT BE NOTICED ON THE ELEMENTS IN WHICH TO DEFEND IN VIOLATION OF [APPELLANT'S] SIXTH AMENDMENT U.S.C.
 {¶ 5} Appellant's right to post-conviction relief arises from R.C. 2953.21(A)(1)(a), which provides: *Page 3 
 Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 {¶ 6} The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v.Steffen, 70 Ohio St.3d 399, 410, 1994-Ohio-111. It is a means to reach constitutional issues that would otherwise be impossible to reach because the trial court record does not contain evidence supporting those issues. State v. Murphy (Dec. 26, 2000), 10th Dist. No. 00AP-233. Appellant does not have a constitutional right of post-conviction review. Rather, post-conviction relief is a narrow remedy that affords appellant no rights beyond those granted by statute. State v.Calhoun, 86 Ohio St.3d 279, 281, 1999-Ohio-102. A post-conviction petition does not provide appellant a second opportunity to litigate his conviction. State v. Hessler, 10th Dist. No. 01AP-1011, 2002-Ohio-3321.
 {¶ 7} A petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. Calhoun, at 282. The trial court "shall determine whether there are substantive grounds for relief" before granting a hearing on a post-conviction petition. R.C. 2953.21(C). Pursuant to R.C. 2953.21(C), a trial court properly denies a post-conviction petition without an evidentiary hearing if the petition, supporting documents, and court record "do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Calhoun, at 291. *Page 4 
 {¶ 8} We apply an abuse of discretion standard when reviewing a trial court's decision to deny a post-conviction petition without a hearing.State v. Campbell, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 14, citingCalhoun, at 284. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} Here, the trial court dismissed appellant's petition for post-conviction relief without an evidentiary hearing. On appeal from that dismissal, appellant argues that the indictment issued against him was defective pursuant to Colon I. In Colon I, the Supreme Court of Ohio held: "When an indictment fails to charge a mens rea element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment." Id. at syllabus. The specific offense at issue in Colon I was robbery in violation of R.C. 2911.02(A)(2). The court found that the indictment at issue did not contain a mens rea for the actus reus element stated in subsection (2), i.e., "[i]nflict, attempt to inflict, or threaten to inflict physical harm on another." The court reasoned that, because R.C. 2911.02(A)(2) does not specify a particular degree of culpability for the act of "[i]nflict[ing], attempting] to inflict, or threatening] to inflict physical harm" and because the statute does not plainly indicate that strict liability is the mental standard, the catch-all culpable mental state of "recklessness" applied. Because the mens rea "recklessness" was missing from the indictment, the indictment was defective. Id. at ¶ 19.
 {¶ 10} The court also concluded that the defective indictment resulted in a lack of notice to the defendant of the mens rea required to commit the offense, and that, *Page 5 
because the defect clearly permeated the entire criminal proceeding, the defect resulted in structural error. Id. at ¶ 32. The Colon I court then reversed the conviction.
 {¶ 11} On reconsideration, the court clarified that Colon I was prospective, and it "applies only to those cases pending on the dateColon I was announced." State v. Colon, 119 Ohio St.3d 204,2008-Ohio-3749, ¶ 5 ("Colon II"). The Colon II court also stated that "the facts that led to our opinion in Colon I are unique," noting that the defective indictment was not the only error that had occurred, but that the defective indictment resulted in several other violations of the defendant's rights. Id. at ¶ 6. Specifically, the court noted the following: (1) there was no evidence to show that the defendant had notice that recklessness was an element of the crime of robbery; (2) there was no evidence that the state argued that the defendant's conduct was reckless; (3) the trial court did not include recklessness as an element of the crime when it instructed the jury; and (4) in closing argument, the prosecuting attorney treated robbery as a strict-liability offense. Id. at ¶ 6.
 {¶ 12} The Colon II court went on to conclude that the structural-error analysis for defective indictments is "appropriate only in rare cases * * * in which multiple errors at the trial follow the defective indictment." Id. at ¶ 8. The court then stated: "Seldom will a defective indictment have this effect, and therefore, in most defective indictment cases, the court may analyze the error pursuant to Crim. R. 52(B) plain-error analysis. Consistent with our discussion herein, we emphasize that the syllabus in Colon I is confined to the facts in that case." Id. at ¶ 8.
 {¶ 13} While the indictment at issue in Colon I charged robbery under R.C. 2911.02(A)(2), we note that this court recently extended ColonI to reverse convictions *Page 6 
based on indictments that charged robbery under R.C. 2911.02(A)(3), the offense to which appellant pleaded guilty. State v. Robertson, 10th Dist. No. 08AP-15, 2008-Ohio-6909; State v. Chester, 10th Dist. No. 08AP-1, 2008-Ohio-6679.
 {¶ 14} Here, the trial court concluded that the doctrine of res judicata barred appellant's arguments based on Colon I. We agree.
 {¶ 15} A trial court may dismiss a petition for post-conviction relief without holding an evidentiary hearing when the doctrine of res judicata bars the claims raised in the petition. State v. Szefcyk,77 Ohio St.3d 93, 1996-Ohio-337. Res judicata applies in all post-conviction relief proceedings. Id. at 95. Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. Id. at 96; State v.Reynolds, 79 Ohio St.3d 158, 161, 1997-Ohio-304. For a defendant to avoid dismissal of the petition by operation of res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court record, and it must not be evidence that existed or was available for use at the time of the trial. State v. Cole (1982), 2 Ohio St.3d 112, syllabus;State v. Lawson (1995), 103 Ohio App.3d 307, 315.
 {¶ 16} The indictment issued against appellant was part of the trial court record. Appellant could have raised the sufficiency of the indictment on direct appeal, but he did not do so. The doctrine of res judicata bars him from raising the issue now. State v. Turner, 8th Dist. No. 91695, 2008-Ohio-6648, ¶ 9; State v. Diaz, 6th Dist. No. L-08-1222,2008-Ohio-6389, ¶ 13; State v. Thompson, 5th Dist. No. 08 COA 018,2008-Ohio-5332, ¶ 25; State v. Chafin (Mar. 25, 1999), 10th Dist. No. 98AP-865. *Page 7 
 {¶ 17} We note, too, that the Supreme Court of Ohio expressly stated that its holding in Colon I was to be applied prospectively only. InColon II, the court clarified: "Our holding in Colon I is only prospective in nature, in accordance with our general policy that newly declared constitutional rules in criminal cases are applied prospectively, not retrospectively." Colon II, at ¶ 3. The Supreme Court issued Colon I on April 8, 2008; appellant's case was not pending at that time.
 {¶ 18} For all these reasons, we conclude that the court did not err in concluding that the doctrine of res judicata barred appellant's claims based on Colon I.
 {¶ 19} But even if we were to assume not only that appellant could raise a Colon I challenge now, but also that the indictment was defective, those assumptions would not support reversal of appellant's guilty plea and conviction for third-degree robbery. What distinguishes this case from Colon I is that appellant entered a guilty plea and did not proceed to trial. In Colon I, the defective indictment led to errors that "permeate[d] the trial from beginning to end and put into question the reliability of the trial court in serving its function as a vehicle for determination of guilt or innocence." Id. at ¶ 23. In contrast, here, no jury was impaneled. There were no arguments made concerning the mens rea element that applied, and no instructions were given. Appellant, represented by counsel, entered a guilty plea, and the trial court sentenced him in accordance with the joint recommendation of his counsel and the prosecutor. We could not, then, conclude that the indictment issued against appellant, even if defective, so permeated the trial court proceedings that a structural error occurred.
 {¶ 20} Our conclusion in this respect is consistent with the opinions of other Ohio appellate courts, which have held that Colon I does not apply where a defendant has *Page 8 
entered a guilty plea. See, e.g., Accord State v. Johnson, 5th Dist. No. 2008-CA-00110, 2009-Ohio-105 (on appeal from guilty plea and conviction for second-and third-degree robbery, concluding, in part, that ColonI did not compel finding of structural error); State v. Smith, 6th Dist. No. L-07-1346, 2009-Ohio-48 (on appeal from guilty plea and conviction for second-degree robbery, distinguishing the structural errors at issue in Colon I); State v. Hayden, 8th Dist. No. 90474, 2008-Ohio-6279 (on appeal from denial of motion to withdraw guilty plea, distinguishingColon I).
 {¶ 21} Because no structural error occurred, Colon I, even if applicable, would not compel reversal of appellant's conviction. We overrule appellant's second and third assignments of error.
 {¶ 22} In his fourth assignment of error, appellant asserts that the trial court erred by finding that his trial counsel did not render ineffective assistance. The United States Supreme Court has established a two-prong test for ineffective assistance of counsel. Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. First, the defendant must show that counsel's performance was outside the range of professionally competent assistance and, therefore, deficient. Id. at 687. Second, the defendant must show that counsel's deficient performance prejudiced the defense and deprived the defendant of a fair trial. Id. A defendant also must overcome a strong presumption that the challenged action constitutes trial strategy. State v. Carter,72 Ohio St.3d 545, 558, 1995-Ohio-104.
 {¶ 23} In his petition, appellant argued that his counsel was ineffective, in part, because he did not inform appellant of the insufficiency of the indictment pursuant to Colon I. As the trial court found, however, the Supreme Court of Ohio did not issue *Page 9 Colon I until after appellant had pleaded guilty, he had been sentenced, and his appeal time had expired. Appellant's counsel could not have informed appellant of an opinion that did not yet exist.
 {¶ 24} The trial court also found that appellant had not shown that, had counsel informed him of an argument concerning the indictment, he would have not pleaded guilty. In his affidavit, appellant stated: "I was not informed that I could defend against the indictment * * * regarding culpable mental state." Appellant does not, however, state that, if he had been so informed, he would not have pleaded guilty. In fact, as the trial court found, the plea bargain benefited appellant. In exchange for appellant's plea to third-degree robbery, appellee dropped the second-degree robbery charge.
 {¶ 25} Appellant and his counsel signed an Entry of Guilty Plea form. By signing that form, appellant expressly acknowledged that he understood that his guilty plea "constitute(s) both an admission of guilt and a waiver of any and all constitutional, statutory, or factual defenses with respect to such crime(s) and this case." He also understood that he "waive[d] a number of important and substantial constitutional, statutory and procedural rights." Finally, he agreed that he was "completely satisfied with the legal representation and advice" he had received from his counsel. On these facts, we cannot conclude that appellant presented sufficient facts to establish that he received ineffective assistance of counsel.
 {¶ 26} On appeal, appellant also suggests that he has limited ability to communicate with English-speaking police officers, prosecutors, attorneys, and courts. Appellant did not make this argument in his petition to the trial court. The record on appeal does not include a transcript of the sentencing hearing, and nothing in our record *Page 10 
supports this claim. The guilty plea form indicates that appellant is a United States citizen. Finding nothing to support appellant's claims, we reject them.
 {¶ 27} For all these reasons, we conclude that the trial court did not err in determining that appellant had not presented sufficient facts to establish ineffective assistance of counsel. Therefore, we overrule his fourth assignment of error.
 {¶ 28} In his first assignment of error, appellant argues that the trial court should have appointed counsel to assist him with his post-conviction petition. Having concluded that the trial court did not err by dismissing appellant's petition without a hearing, we also conclude that he was not entitled to counsel. State v. Crowder (1991),60 Ohio St.3d 151, 152, citing Pennsylvania v. Finley (1987),481 U.S. 551, 107 S.Ct. 1990 (holding that an indigent petitioner does not have a state or federal constitutional right to be represented by counsel in a post-conviction proceeding); State v. Madison, 10th Dist. No. 08AP-246,2008-Ohio-5223, ¶ 15 (R.C. 120.16 does not entitle indigent petitioner to counsel where no basis for evidentiary hearing exists). We overrule appellant's first assignment of error.
 {¶ 29} In summary, we overrule all four of appellant's assignments of error. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
SADLER and KLATT, JJ., concur. *Page 1