OPINION
{¶ 1} Defendant-appellant, Willie J. Peeks ("appellant"), appeals from the decision and judgment of the Franklin County Court of Common Pleas, which denied his "Motion to Vacate [Conviction] For Lack of Jurisdiction."
 {¶ 2} On October 20, 2005, appellant pleaded guilty to four counts of aggravated robbery in violation of R.C. 2911.01. On December 19, 2005, the court sentenced appellant to a total sentence of 16 years of incarceration. This court affirmed *Page 2 
appellant's conviction in State v. Peeks, 10th Dist. No. 05AP-1370,2006-Ohio-6256. On September 16, 2008, appellant filed a motion styled "Motion to Vacate [Conviction] For Lack of Jurisdiction," pursuant to Civ. R. 60(B)(4), (5), and (6). The trial court denied appellant's motion on the authority of State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749
("Colon II").
 {¶ 3} Appellant timely appealed and raises the following assignment of error:
 BY FAILING TO CHARGE ANY LEVEL OF MENS REA FOR THE SERIOUS PHYSICAL INJURY ELEMENT OF AGGRAVATED ROBBERY, UNDER R.C. 2911.01(A)(1), THE INDICTMENT FAILED TO PROPERLY CHARGE MR. PEEKS AND FAILED TO GIVE HIM NOTICE OF THE CHARGES AGAINST HIM. THIS ERROR VIOLATED MR. PEEKS'S CONSTITUTIONAL RIGHTS OF INDICTMENT BY A GRAND JURY AND TO DUE PROCESS THEREFORE THE COURT ABUSED [ITS] DISCRETION WHEN IT DENIED THE MOTION TO VOID JUDGMENT THAT ASSERTED THAT THE COURT LACKED JURISDICTION.
 {¶ 4} In the court below, appellant sought relief under Civ. R. 60(B). "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." State v. Schlee, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. A motion such as appellant's, that: (1) was filed subsequent to the defendant's direct appeal, (2) claims a denial of constitutional rights, (3) seeks to render the judgment void, and (4) asks for vacation of the judgment and sentence, meets the definition of a petition for post-conviction relief pursuant to R.C. 2953.21(A)(1). State v.Reynolds, 79 Ohio St.3d 158, 1997-Ohio-304. Accordingly, we review appellant's motion as a petition for post-conviction relief.
 {¶ 5} Appellant's right to post-conviction relief arises from R.C. 2953.21(A)(1)(a), which provides: *Page 3 
 Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 {¶ 6} The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v.Steffen, 70 Ohio St.3d 399, 410, 1994-Ohio-111. It is a means to reach constitutional issues that would otherwise be impossible to reach because the trial court record does not contain evidence supporting those issues. State v. Murphy (Dec. 26, 2000), 10th Dist. No. 00AP-233. Appellant does not have a constitutional right of post-conviction review. Rather, post-conviction relief is a narrow remedy that affords appellant no rights beyond those granted by statute. State v.Calhoun, 86 Ohio St.3d 279, 281, 1999-Ohio-102. A post-conviction petition does not provide appellant a second opportunity to litigate his conviction. State v. Hessler, 10th Dist. No. 01AP-1011, 2002-Ohio-3321.
 {¶ 7} A petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. Calhoun, at 282. The trial court "shall determine whether there are substantive grounds for relief" before granting a hearing on a post-conviction petition. R.C. 2953.21(C). Pursuant to R.C. 2953.21(C), a trial court properly denies a post-conviction petition without an evidentiary hearing if the petition, supporting documents, and court record "do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Calhoun, at 291. *Page 4 
 {¶ 8} We apply an abuse of discretion standard when reviewing a trial court's decision to deny a post-conviction petition without a hearing.State v. Campbell, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 14, citingCalhoun, at 284. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} Appellant argues that the indictment in the instant matter was defective, pursuant to State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624
("Colon I"). In Colon I, the Supreme Court of Ohio held that the mens rea for the offense of robbery under R.C. 2911.02(A)(2) was recklessness. The indictment at issue in Colon failed to set forth the mens rea of recklessness, and thus the court determined the indictment to be defective and concluded that the defective indictment resulted in a lack of notice to the defendant of the mens rea required to commit the offense. The court further determined that such defect permeated the entire criminal proceeding because it found there was no evidence to show that the defendant had notice that recklessness was an element of the crime of robbery. The state had not argued that the defendant's conduct was reckless. Nor was the jury instructed by the trial court as to recklessness being an element of the crime when it instructed the jury. Finally, the court noted that in closing argument, the prosecuting attorney treated robbery as a strict-liability offense. For these reasons, the Supreme Court of Ohio held structural error occurred and reversed Colon's convictions.
 {¶ 10} On reconsideration, the Supreme Court in Colon II clarified that the application of Colon I was prospective and applies only to cases pending on the date *Page 5 Colon I was announced. The Supreme Court issued Colon I on April 8, 2008. As of that date, appellant's case below was not pending and had been long concluded. Thus, even assuming that Colon I applies to cases brought pursuant to R.C. 2911.01, the trial court did not err in denying appellant's motion.
 {¶ 11} Finally, we conclude that appellant could not raise aColon challenge here because he did not exercise his constitutional right to a jury trial, but rather entered pleas of guilty. This court recently held in State v. Palacios, 10th Dist. No. 08AP-669,2009-Ohio-1187, ¶ 19, that when the defendant enters a guilty plea, structural error does not occur. Accord State v. Johnson, 5th Dist. No. 2008-CA-00110, 2009-Ohio-105 (on appeal from guilty plea and conviction for second-and third-degree robbery, concluding, in part, that ColonI did not compel finding of structural error); State v. Smith, 6th Dist. No. L-07-1346, 2009-Ohio-48 (on appeal from guilty plea and conviction for second-degree robbery, distinguishing the structural errors at issue in Colon I); State v. Hayden, 8th Dist. No. 90474, 2008-Ohio-6279 (on appeal from denial of motion to withdraw guilty plea, distinguishingColon I).
 {¶ 12} For all of the foregoing reasons, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
McGRATH and TYACK, JJ., concur. *Page 1