OPINION
{¶ 1} Defendant-appellant, Joseph Hammond, appeals from a judgment of the Franklin County Court of Common Pleas denying his petition for postconviction relief and denying his postconviction motion for expert assistance. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On July 21, 2006, defendant was indicted by the Franklin County Grand Jury on one count of rape, a violation of R.C. 2907.02. The indictment alleged that defendant raped five-year-old "R.F."[1] The case proceeded to trial. The evidence at trial included defendant's written confession wherein he admitted that he had sexual *Page 2 
intercourse with R.F. Defendant testified at trial that he did not rape R.F. but confessed to raping her because he thought it seemed like the right thing to do at the time. Defendant was found guilty. The trial court imposed a life sentence and found defendant to be an aggravated sexual offender. Defendant appealed to this court, arguing that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. On November 6, 2007, this court affirmed the judgment of the trial court. See State v. Hammond, Franklin App. No. 07AP-205, 2007-Ohio-5921.
 {¶ 3} During the pendency of the direct appeal, defendant filed a petition for postconviction relief pursuant to R.C. 2953.21, wherein he alleged ineffective assistance of counsel. Defendant claimed that he asked his counsel at trial to obtain an expert to investigate the issue of whether his medical history, including a history of head trauma, resulted in him having some type of psychological or behavioral impairment that rendered him prone to falsely confess. In connection with this postconviction petition, defendant filed motions for appointment of counsel and expert assistance. On February 5, 2008, the trial court denied defendant's postconviction petition filed pursuant to R.C. 2953.21, as well as his motions for appointment of counsel and expert assistance. Defendant appeals to this court from this judgment of the trial court.
 {¶ 4} In this appeal, defendant sets forth the following two assignments of error for our review:
 [1.] The trial court erred in denying Appellant's motion for expert assistance.
 [2.] The trial court erred by dismissing Appellant's petition for post-conviction relief without first holding a hearing on the merits. *Page 3 
 {¶ 5} The postconviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. State v.Calhoun (1999), 86 Ohio St.3d 279, 281. It is a means by which the petitioner may allow the court to reach constitutional issues that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233. The petition for postconviction relief is thus not intended to provide a defendant with a second opportunity to litigate his conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. State v. Jackson (1980), 64 Ohio St.2d 107.
 {¶ 6} In order for the trial court to grant a hearing, the petitioner must provide evidence that demonstrates a cognizable claim of constitutional error, R.C. 2953.21(C), and such evidence must demonstrate that the denial or infringement of the petitioner's constitutional rights render the petitioner's conviction or sentence void. State v. Perry (1967), 10 Ohio St.2d 175, paragraph four of the syllabus. See, also, State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 33 ("To warrant a hearing, a petitioner must first provide evidence which demonstrates a cognizable claim of constitutional error.") Thus, if such evidentiary materials are not submitted, the trial court may deny the petition without a hearing. Murphy, citingJackson, supra, at 110.
 {¶ 7} In reviewing whether the trial court erred in denying a petitioner's motion for postconviction relief without a hearing, the appellate court applies an abuse-of-discretion standard. State v.Campbell, Franklin App. No. 03AP-147, 2003-Ohio-6305, at ¶ 14. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157. *Page 4 
 {¶ 8} By his first assignment of error, defendant challenges the trial court's decision to deny his motion for expert assistance, which he filed in connection with his postconviction petition. In support of his first assignment of error, defendant argues that, pursuant to State v.Lorraine (May 20, 2005), Trumbull App. No. 2003-T-0159, 2005-Ohio-2529, the trial court erred in not appointing an expert for him.
 {¶ 9} While R.C. 2953.21 explicitly provides for appointment of counsel in postconviction proceedings when the petitioner has been sentenced to death, the statute nowhere provides a right to funding or appointment of expert witnesses or assistance in a postconviction petition. State v. Tolliver, Franklin App. No. 04AP-591, 2005-Ohio-989, at ¶ 25, citing State v. Smith (Mar. 15, 2000), Lorain App. No. 98CA007169, and State v. Hooks (Oct. 30, 1998), Montgomery App. No. CA 16978. Thus, it is not error for a trial court to deny a defendant's request for funds for expert witnesses in support of his petition for postconviction relief. State v. Conway, Franklin App. No. 05AP-550,2006-Ohio-6219, at ¶ 15. A narrow exception to this principle has developed, as demonstrated in Lorraine, supra, which will be discussed below in detail.
 {¶ 10} In 1986, Charles Lorraine was convicted of four counts of aggravated murder and sentenced to death. Lorraine's convictions and sentence were affirmed by the Eleventh District Court of Appeals and then by the Supreme Court of Ohio. See State v. Lorrain (Aug. 10, 1990), Trumbull App. No. 3838; State v. Lorraine (1993), 66 Ohio St.3d 414.
 {¶ 11} In June 2002, the United States Supreme Court issued its decision in Atkins v. Virginia (2002), 536 U.S. 304, 122 S.Ct. 2242, wherein it held that the execution of mentally retarded persons violates the Eighth Amendment's protection against cruel and unusual punishment. The Supreme Court in Adkins did not establish procedures for *Page 5 
determining if a person is mentally retarded and allowed the states to develop appropriate means to enforce the new constitutional restriction. Accordingly, in State v. Lott, 97 Ohio St.3d 303, 2002-Ohio-6625, the Supreme Court of Ohio set forth the appropriate procedures for determining whether an accused is mentally retarded for purposes of anAtkins claim. State v. Waddy, Franklin App. No. 05AP-866,2006-Ohio-2828, at ¶ 5. Under Lott, the postconviction procedure set forth in R.C. 2953.21 et seq. "is the proper vehicle for the assertion of an Atkins claim by a person sentenced to death on or before December 11, 2002 [the date Lott was decided]." State v. White,118 Ohio St.3d 12, 2008-Ohio-1623, at ¶ 4, fn. 2, citing Lott.
 {¶ 12} In June 2003, Lorraine filed a postconviction petition, alleging an Atkins claim of mental retardation. Lorraine, at ¶ 6. Lorraine submitted, with his petition, relevant testimony and IQ test results from his 1986 mitigation hearing. Being indigent, Lorraine requested, inter alia, the appointment of two attorneys and a mental health expert. The trial court denied these requests and dismissed the petition. Lorraine appealed. See id.
 {¶ 13} In deciding the case, the Lorraine court initially noted that Lorraine was sentenced to death prior to the Atkins decision, and, therefore, had not been afforded a full opportunity to litigate his claim of mental retardation as a bar to his death sentence.Lorraine, at ¶ 11. The Lorraine court resolved that the trial court erred in failing to grant Lorraine's request for expert assistance in determining whether he was mentally retarded and for not appointing two attorneys to represent him in the postconviction proceedings. See id. at ¶ 31 and 51.
 {¶ 14} This court has reached essentially the same conclusion regarding an indigent capital defendant's right to funding for an expert to develop an Adkins claim in postconviction proceedings, as well as such a defendant's right to the services of two *Page 6 
attorneys in those postconviction proceedings. In State v. Burke, Franklin App. No. 04AP-1234, 2005-Ohio-7020, at ¶ 46, reconsideration denied, 2006-Ohio-1026, this court resolved that "[p]ursuant toLorraine, coupled with Lott, an indigent capital defendant raising anAtkins claim for the first time in a post-conviction petition filed within 180 days after Atkins, should be afforded the same opportunity `to fully present his constitutional issue' that is afforded a capital defendant who now is able to raise the issue at trial." Thus, an "appeal of a first time Atkins petition is akin to a direct appeal of the issue, and in a direct appeal defendant would be entitled to two attorneys." Id. See, also, Waddy, supra, at ¶ 48 (finding that "[b]ecause * * * the documentation provided to the trial court in support of defendant'sAtkins petition demonstrates that defendant may be entitled to relief, defendant is entitled to an evidentiary hearing and funding for an expert to develop his Atkins claim").
 {¶ 15} Although a narrow exception developed concerning the appointment of experts in a particular type of postconviction proceeding, such an exception does not apply here. Defendant is not alleging that he is mentally retarded, and he is not a capital defendant who was sentenced before Lott. The rationale supporting the narrow exception set forth above to the general rule that a defendant is not entitled to the appointment of an expert in a postconviction proceeding is not applicable here, as defendant's appeal of his postconviction petition is not akin to a direct appeal. Therefore, we conclude that the trial court did not err in denying defendant's motion for expert assistance. Accordingly, we overrule defendant's first assignment of error.
 {¶ 16} We next address defendant's contention, set forth by his second assignment of error, that he was entitled to a hearing on his petition. In support of his argument that he was entitled to a hearing, defendant asserts that he set forth in his *Page 7 
postconviction petition sufficient operative facts to warrant a hearing. As noted above, defendant alleged in his petition that his counsel ignored his request to hire an expert to investigate whether, due to trauma to his head, he had a psychological or behavioral condition that rendered him more likely to falsely confess. In defendant's view, he set forth a colorable claim that he was denied effective assistance of counsel.
 {¶ 17} Despite making this claim, defendant did not submit any evidentiary material to support it. In fact, defendant recognized in his petition that he had not submitted any evidentiary material in support of his claim, but asserted that the absence of such evidence would be remedied with the assistance of a psychologist. However, as determined above, defendant was not entitled to funding for an expert to assist him in developing his claim in the postconviction proceeding. Because defendant failed to submit any evidentiary material in support of his postconviction petition, it was not an abuse of discretion for the trial court to deny his petition without a hearing. See Murphy, supra. Therefore, we overrule defendant's second assignment of error.
 {¶ 18} Having overruled defendant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
FRENCH and TYACK, JJ., concur.
[1] To protect her identity, we will refer to the victim by her initials. *Page 1