OPINION
{¶ 1} Defendant-appellant, Oliver Madison, Jr., appeals from a judgment of the Franklin County Court of Common Pleas denying his petition for postconviction relief. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} In June 2005, defendant was charged with nine counts of rape and one count of kidnapping. The matter proceeded to trial, and defendant was found guilty of these offenses. The evidence at trial demonstrated that defendant repeatedly raped the victim at her apartment over a period of days in June 2005, and that defendant constrained her there against her will during most of that time. It was defendant's position at trial that the sexual activity was consensual. Defendant was sentenced to nine years in *Page 2 
prison and was adjudicated to be a sexual predator. Defendant appealed to this court, which affirmed the judgment of the trial court. SeeState v. Madison, Franklin App. No. 06AP-1126, 2007-Ohio-3547.
 {¶ 3} During the pendency of the direct appeal, defendant filed a petition for postconviction relief pursuant to R.C. 2953.21, alleging ineffective assistance of counsel. Defendant alleged that his counsel failed to subpoena witnesses who were present when the alleged crime occurred, and that his counsel should have obtained phone records relating to the victim's apartment. In connection with his petition, defendant filed motions for appointment of counsel and an order granting funding for a private investigator. By decision and entry filed February 4, 2008, the trial court denied, without a hearing, defendant's petition and motions. Defendant appeals to this court from this judgment of the trial court.
 {¶ 4} In this appeal, defendant asserts the following four assignments of error for our review:
 FIRST ASSIGNMENT OF ERROR:
 THE TRIAL ATTORNEY FAILED TO CALL THE WITNESSES THAT [WERE] AT THE SCENE OF THE ALLEGED CRIME.
 SECOND ASSIGNMENT OF ERROR:
 THE TRIAL ATTORNEY FAILED TO GET THE PHONE RECORDS OF THE ALLEGED VICTIM TO SHOW THAT SHE DID IN FACT HAVE INTENSIVE CONTACT WITH OTHER PARTIES OUT SIDE OF THE HOME DURING THE TIME FRAME OF THE ALLEGED CRIME.
 THIRD ASSIGNMENT OF ERROR:
 THE STATE'S DENIAL TO GRANT THE DEFENDANT ASSISTANCE OF COUNSEL TO ASSIST HIM IN THE PREPARATION OF HIS PETITION. *Page 3 
 FOURTH ASSIGNMENT OF ERROR:
 THE STATE'S DENIAL TO GRANT THE DEFENDANT THE ASSISTANCE OF A PRIVATE INVESTIGATOR TO ASSIST HIM GETTING ANY STATEMENTS OR AFFIDAVITS OF THERE [sic] TAKE ON THE ACTUAL EVENTS THAT WAS TO HAVE TAKEN PLACE AT THE OF [sic] THE ALLEGED CRIME.
 {¶ 5} By his assignments of error, defendant challenges the trial court's decision to deny his postconviction petition without a hearing and its decision to deny his motions for expert assistance and appointment of counsel he filed in connection with his postconviction petition.
 {¶ 6} The postconviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. State v.Calhoun (1999), 86 Ohio St.3d 279, 281. It is a means by which the petitioner may allow the court to reach constitutional issues that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233. The petition for postconviction relief is thus not intended to provide a defendant with a second opportunity to litigate his conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. State v. Jackson (1980), 64 Ohio St.2d 107.
 {¶ 7} In order for the trial court to grant a hearing, the petitioner must provide evidence that demonstrates a cognizable claim of constitutional error, R.C. 2953.21(C), and such evidence must demonstrate that the denial or infringement of the petitioner's constitutional rights render the petitioner's conviction or sentence void. State v. Perry (1967), 10 Ohio St.2d 175, paragraph four of the syllabus. See, also, State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 33 ("To warrant a hearing, a *Page 4 
petitioner must first provide evidence which demonstrates a cognizable claim of constitutional error."). A trial court may deny a defendant's petition for postconviction relief without an evidentiary hearing if the petition, supporting affidavits, documentary evidence, and trial record do not demonstrate sufficient operative facts to establish substantive grounds for relief. Calhoun, supra, at paragraph two of the syllabus.
 {¶ 8} In reviewing whether the trial court erred in denying a petitioner's motion for postconviction relief without a hearing, the appellate court applies an abuse-of-discretion standard. State v.Campbell, Franklin App. No. 03AP-147, 2003-Ohio-6305, at ¶ 14. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 9} Defendant's postconviction petition alleged ineffective assistance of counsel. A defendant alleging ineffective assistance of counsel must demonstrate: (1) defense counsel's performance was so deficient that he or she was not functioning as the counsel guaranteed under the Sixth Amendment to the United States Constitution; and (2) defense counsel's errors prejudiced defendant, depriving him or her of a trial whose result is reliable. Strickland v. Washington (1984),466 U.S. 668, 687; State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus.
 {¶ 10} In order to secure a hearing on an ineffective-assistance-of-counsel claim in a petition for postconviction relief, the petitioner bears the initial burden of submitting evidentiary documents that together contain sufficient operative facts which, if believed, would establish defense counsel substantially violated at least one of the defense attorney's essential duties to his client, and the defendant was prejudiced as a result. State v.Harris, Franklin App. No. 07AP-972, 2008-Ohio-2837, at ¶ 11, citing bothState v. *Page 5 Cole (1982), 2 Ohio St.3d 112, 114, and State v. Jackson (1980),64 Ohio St.2d 107, at syllabus.
 {¶ 11} Defendant argues by his first assignment of error that his trial counsel was deficient for not subpoenaing and calling as witnesses two persons who were at the victim's apartment when at least one of the rapes reported by the victim occurred. "Generally, counsel's decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court." State v. Treesh
(2001), 90 Ohio St.3d 460, 490. Even so, defendant speculates, without any evidentiary support, that these witnesses' testimony would have been exculpatory. Nothing other than defendant's own self-serving contentions in his memoranda in support of his postconviction petition provides support for defendant's assertion that his counsel was deficient for not calling certain witnesses or that he was prejudiced by his counsel's decision not to call these witnesses.
 {¶ 12} By his second assignment of error, defendant argues that his counsel was deficient for not obtaining telephone records relating to the victim's apartment in order to show that the victim had extensive contact with others on the days she alleged the rapes occurred. This contention is unpersuasive.
 {¶ 13} The record demonstrates that a subpoena was in fact issued to the keeper of records at "SBC-ATT" for information concerning local and long distance calls made to and from the victim's apartment during the days at issue in this matter. This subpoena was requested by defendant's trial counsel. A letter to defendant from his counsel, which defendant submitted in support of his postconviction petition, indicates that, in response to the subpoena, the phone company indicated that it no longer had the requested records, if it ever had them in the first place. Moreover, telephone records detailing *Page 6 
incoming and outgoing calls at the victim's residence would have had little, if any, probative value as to whether the sexual activity was consensual or whether the victim was constrained at the apartment against her will. Defendant's theory was that the sexual activity was consensual; it was not that the victim was not at her apartment during the days at issue. Also, the victim testified that she had contact with persons other than defendant during the days she was raped at her apartment but was unable to seek help because she was terrified that defendant would kill her as he had threatened to do.
 {¶ 14} For these reasons, we conclude that the trial court did not err in denying, without a hearing, defendant's petition for postconviction relief. Thus, we overrule defendant's first and second assignments of error.
 {¶ 15} Defendant's third and fourth assignments of error allege that the trial court erred in denying his motions for expert assistance and appointment of counsel. An indigent petitioner has neither a state nor a federal constitutional right to be represented by an attorney in a postconviction proceeding, State v. Crowder (1991), 60 Ohio St.3d 151,152, citing Pennsylvania v. Finley (1987), 481 U.S. 551, 107 S.Ct. 1990, and R.C. 2953.21 does not provide for the appointment of counsel for indigent non-capital defendants in postconviction proceedings. However, pursuant to R.C. 120.16(A)(1) and (D), an indigent petitioner is statutorily entitled to representation by a public defender at an evidentiary hearing on a postconviction petition if the public defender concludes that the issues raised by the petitioner have arguable merit. See Crowder, at 153. Because defendant was not entitled to an evidentiary hearing, as determined above, we resolve that it was not error for the trial court to deny defendant's motion for the appointment of counsel. *Page 7 
 {¶ 16} As to defendant's argument that he was entitled to funding for an expert, R.C. 2953.21 does not provide a right to funding or appointment of expert witnesses or assistance in a postconviction petition. State v. Tolliver, Franklin App. No. 04AP-591, 2005-Ohio-989, at ¶ 25, citing State v. Smith (Mar. 15, 2000), Lorain App. No. 98CA007169, and State v. Hooks (Oct. 30, 1998), Montgomery App. No. CA 16978. Thus, it is not error for a trial court to deny a defendant's request for funds for expert witnesses in support of his petition for postconviction relief. State v. Conway, Franklin App. No. 05AP-550,2006-Ohio-6219, at ¶ 15. A narrow exception to this principle has developed, but this exception is not applicable here. See State v.Hammond, Franklin App. No. 08AP-176, 2008-Ohio-4459, citing State v.Lorraine (May 20, 2005), Trumbull App. No. 2003-T-0159, 2005-Ohio-2529
(applying exception to indigent capital defendant raising a claim underAtkins v. Virginia [2002], 536 U.S. 304, 122 S.Ct. 2242). Therefore, we find that the trial court did not err in denying defendant's request for expert assistance.
 {¶ 17} Accordingly, we overrule defendant's third and fourth assignments of error.
 {¶ 18} Having overruled all four of defendant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 KLATT and SADLER, JJ., concur. *Page 1