DECISION AND JUDGMENT
{¶ 1} Appellant appeals the judgment of the Lucas County Court of Common Pleas, denying his petition for postconviction relief. For the reason that follow, we affirm.
 {¶ 2} In 2005, appellant, Verdell Starks, was convicted in two separate trials of a series of Toledo bank and convenience store robberies. On appeal, his convictions were *Page 2 
affirmed, but his sentence was vacated and the matter remanded for resentencing. State v. Starks, 6th Dist. Nos. L-05-1417, L-05-1419,2007-Ohio-4897.
 {¶ 3} While the appeal was pending, appellant filed numerous postconviction petitions and motions, including petitions to vacate his sentences and for expert assistance in both trial court cases, a motion for appointment of counsel in case No. CR-04-3093, and motions to supplement the record, for separate findings of fact and conclusions of law and leave to file a motion for a new trial in case No. CR-05-1209. The state responded with motions for summary judgment and to dismiss. The trial court granted appellant leave to file a motion for a new trial, but denied all other relief. The court granted the state of Ohio summary judgment on appellant's petitions to vacate, denied appointment of an expert, denied appointment of counsel, rejected appellant's request to supplement the record and concluded that appellant's motion for findings and conclusions was improper.
 {¶ 4} From this judgment, appellant now brings this appeal. Appellant sets forth the following ten assignments of error:
 {¶ 5} "Assignment of Error One: The Trial Court erred and/or abused its discretion to the prejudice of Appellant by dismissing the Appellant's `timely' filed Petition to Vacate and/or Set Aside Sentence as being `untimely,' in violation of Appellant's right to due process pursuant to R.C.§ 3953.21; Crim. R. 35 (C); the 14th amendment of the United States Constitution; article 1, sections 10 16 of the Ohio Constitution. *Page 3 
 {¶ 6} "Assignment of Error Two: The Trial Court erred and/or abused its discretion to the prejudice of Appellant by failing to provide sufficient findings of fact and conclusions of law with respect to the dismissal of Appellant's timely filed a petition for postconviction relief, in violation of Appellant's right to due process pursuant to R.C.§ 2953.21; Crim. R. 35 (C); the 14th Amendment of the United States Constitution; Article 1, Sections 10 16 of the Ohio Constitution.
 {¶ 7} "Assignment of Error Three: The Trial Court erred and/or abused its discretion to the prejudice of Appellant by ruling that Appellant's claims were barred by the doctrine of res judicata.
 {¶ 8} "Assignment of Error Four: The Trial Court erred and/or abused its discretion to the prejudice of Appellant by granting the State's `second' request for summary judgment, when the said request was not timely filed pursuant to R.C. § 2953.21 (D), and had been `untimely' file because the State realized it had procedurally failed to make a `timely' responsive pleading as required by R.C.§ 2953.21 (D) and Civ. R. 15 (A), to Appellant's timely filed postconviction [sic] filed November 30, 2006.
 {¶ 9} "Assignment of Error Five: The Trial Court erred and/or abused its discretion to the prejudice of Appellant by `Striking' the Appellant's `timely' filed `Amended Petition for Postconviction Relief from the record, when appellant in fact was entitled to amend petition [sic] that was not timely responded to by the State of Ohio pursuant to R.C.§ 2953.21 (D), in violation of Appellant's rights to due process pursuant *Page 4 
to the 5th and 14th Amendment of the United States Constitution; Article One, Sections 10 16 of the Ohio Constitution; R.C.§ 2953.21 (F); and Civ. R. 15 (A).
 {¶ 10} "Assignment of Error Six: The Trial Court erred and/or abused its discretion to the prejudice of Appellant when it failed to provide sufficient `FACTUAL' findings of fact and conclusions of law with respect to striking Appellant's `timely' filed `Amended Petition' from the record, as required by Section 2953 .21 Ohio Revised Code.
 {¶ 11} "Assignment of Error Seven: The Trial Court should have appointed counsel for petitioner or allegations in the Petition for Post-Conviction Relief wanted an Evidentiary Hearing.
 {¶ 12} "Assignment of Error Eight: The Trial Court erred and/or abused his discretion to the prejudice of Appellant by failing to conduct an evidentiary hearing on Appellant's timely filed Petition for Post-Conviction Relief when appellant had submitted evidentiary documents containing sufficient operative facts to warrant a hearing.
 {¶ 13} "Assignment of Error Nine: Governmental actions interfered with and prevented Petitioner from his right to a fair and meaningful trial, in violation of Petitioner's right to due process is guaranteed by theFifth and Fourteenth amendment [sic] of the United States Constitution; Section 16-Article One of the Ohio Constitution.
 {¶ 14} "Assignment of Error Ten: The Trial Court should have granted Appellant's request for a private investigator, or allegations in the Petition for Post-Conviction Relief warranted an Evidentiary Hearing and contained evidentiary documents and sufficient *Page 5 
operative facts that require the assistance of an investigator to produce in establishing the Appellant's contentions and allegations of being `actually innocent.'"
 {¶ 15} In material part, R.C. 2953.21(A) provides:
 {¶ 16} "Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."
 {¶ 17} Absent special circumstances, see R.C. 2952.23, when there was a direct appeal, the petition for postconviction relief must be filed within 180 days after the trial transcript is filed with the court of appeals. R.C. 2953.21(A)(2).
 {¶ 18} "A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment."State v. Steffen (1994), 70 Ohio St.3d 399, 410; State v.Milanovich (1975), 42 Ohio St.2d 46, 49. As a result, the doctrine of res judicata applies. Res judicata bars any claim that was or could have been raised at trial or on direct appeal. Id. *Page 6 
 I. Timeliness {¶ 19} The trial court found that appellant's postconviction relief petition was filed outside the 180 day statutory period for bringing such actions. In his first assignment of error, appellant insists that this determination was erroneous.
 {¶ 20} Appellant filed the transcripts of the trial court proceedings on June 8, 2006. He filed his postconviction relief petitions on November 28 and November 30, 2006. By our calculation, both petitions were submitted within the 180 day statutory period. Consequently, it would appear that the trial court's finding of untimely filing was erroneous.
 {¶ 21} Notwithstanding this, this error is ground for reversal only if it operated to appellant's material prejudice. App. R. 12(B);Decaestecker v. Belluardo, 2d Dist. No. 22218, 2008-Ohio-2077, ¶ 41. In this matter the trial court alternatively ruled against appellant on the merits. If such a determination was proper, this assignment of error is moot.
 II. Findings and Conclusions {¶ 22} Appellant maintains in his second assignment of error that the trial court erred by failing to issue findings of fact and conclusions of law in dismissing his petition for postconviction relief. We find this assignment of error perplexing as appellant has attached to his notice of appeal the trial court's 14 page judgment entry containing findings and conclusions or each of the issues appellant raises on post-conviction. Accordingly, appellant's second assignment of error is not well-taken. *Page 7 
 III. Res Judicata {¶ 23} In his third assignment of error, appellant insists that the trial court erroneously applied the doctrine of res judicata to dismiss his petition for postconviction relief.
 {¶ 24} The doctrine of res judicata bars consideration of issues, even constitutional issues, which were or could have been raised at trial or on direct appeal. State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. While the presentation of evidence outside the record may defeat the doctrine, such evidence must be relevant, competent and material. State v. Smith (1985), 17 Ohio St.3d 98, 101, fn. 1.
 {¶ 25} In the present matter, appellant claimed that he was denied effective assistance of counsel during his bank robbery trial, that he was denied due process by the state's purported refusal/failure to turn over what appellant characterizes as exculpatory evidence during discovery and that the police falsified or manufactured evidence. Each of these issues was, State v. Starks, supra, at ¶ 43, or could have been raised at trial or on direct appeal. Appellant submitted no material or competent evidence de hors the record which might negate the application of the doctrine of res judicata. Accordingly, appellant's third assignment of error is not well-taken. Appellant's ninth assignment of error is essentially a reiteration of his third assignment of error and is also found not well-taken. *Page 8 
 IV. Motions {¶ 26} In his fourth, fifth and sixth assignments of error appellant complains that the trial court should not have permitted the state's "untimely" motion for summary judgment, improperly struck appellant's amended petition for relief and failed to provide adequate findings of fact and conclusions of law with respect to striking appellant's amended petition.
 {¶ 27} R.C. 2953.21(D) provides:
 {¶ 28} "(D) Within ten days after the docketing of the petition, or within any further time that the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion. Within twenty days from the date the issues are raised, either party may move for summary judgment. The right to summary judgment shall appear on the face of the record."
 {¶ 29} Appellant insists that the state responded to his petition outside the time provided for in R.C. 2953.21(D). The state responds that appellant filed nearly identical petitions under two trial court numbers and that it responded to both with a single timely answer and motion for summary judgment. Whether the motion was timely or not, a court has the discretion to entertain and grant untimely motions.The News-Herald v. Bahr, 11th Dist. No. 2002-L-176, 2003-Ohio-6223, ¶ 29. Moreover, the statute itself expressly provides such authority in this specific instance. There is nothing in the record to suggest that the trial court's consideration of the motion at issue was arbitrary, *Page 9 
unreasonable or unconscionable. See Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Accordingly, appellant's fourth assignment of error is not well-taken.
 {¶ 30} The state filed its answer and motion for summary judgment on March 15, 2007. When appellant filed his "Amended Petition for Post Conviction" on July 20, 2007, the trial court granted the state's motion to strike the amendment. Appellant, in his fifth assignment of error, insists this decision was erroneous.
 {¶ 31} Civ. R. 15(A) provides, "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. * * *."
 {¶ 32} Appellant's amendment was interposed more that 120 days after the state's answer/motion, making it, by the most liberal reading, more than 90 days out of rule. The record does not contain any request for leave to file the motion. As a result, the court was well within its discretion in granting the state's motion to strike. As a result, appellant's fifth assignment of error is not well-taken.
 {¶ 33} We are unaware of any requirement that a court issue findings or conclusions when granting or denying a motion to strike a pleading filed out of rule. Accordingly, appellant's sixth assignment of error is not well-taken. *Page 10 
 V. Appointment of Counsel/Evidentiary Hearing {¶ 34} In his seventh assignment of error, appellant complains that the trial court should have granted his motion for appointment of counsel. In his eighth assignment of error, he asserts that the trial court erred in denying him an evidentiary hearing on his petition.
 {¶ 35} On a court's consideration of a petition for postconviction relief, "unless the petition, supporting affidavits, and files and records pertaining to the proceedings show that "substantive grounds for relief" exist, the court need not afford the petitioner a hearing. If the court finds, however, that a petitioner is entitled to a hearing, then * * * the public defender must be provided with notice that a postconviction evidentiary hearing has been set. State v. Crowder
(1991), 60 Ohio St. 3d 151, 153.
 {¶ 36} The trial court concluded, with good reason, we believe, that appellant's petition lacked substantive grounds for relief. As a consequence, appellant was entitled to neither an evidentiary hearing nor the appointment of counsel. Accordingly, appellant's seventh and eighth assignments of error are not well-taken.
 VI. Private Investigator {¶ 37} In his remaining assignment of error, appellant maintains that the trial court should have granted his motion for appointment of a private investigator to investigate his allegations of police or prosecutorial misconduct.
 {¶ 38} With exceptions not applicable here, it is not error for a court to deny a defendant's request for a private investigator or other expert in support of his or her *Page 11 
petition for postconviction relief. State v. Madison, 10th Dist. No. 08AP-246, 2008-Ohio-5223, ¶ 16. Accordingly, appellant's tenth assignment of error is not well-taken. His first assignment of error is moot.
 {¶ 39} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law; and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED
certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, J.
Arlene Singer, J., William J. Skow, P.J. CONCUR. *Page 1