[Cite as *State v. Everette*, 2011-Ohio-4663.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                               :

    Plaintiff-Appellee                   :          C.A. CASE NO.     23585

v.                                          :          T.C. NO.    2007CR3147

THOMAS E. EVERETTE, JR.                     :           (Criminal appeal from
                                                        Common Pleas Court)

    Defendant-Appellant              :

                                            :

· · · · · · · · · ·

# **O P I N I O N**

Rendered on the   16th   day of    September   , 2011.

· · · · · · · · · ·

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

THOMAS E. EVERETTE, JR., #579590, Warren Correctional Institution, 5787 Route 63, P. O. Box 120, Lebanon, Ohio 45036
    Defendant-Appellant

JEREMY J. MASTERS, Atty. Reg. No. 0079587, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
    Attorney for Amicus Curiae, Ohio Public Defender

· · · · · · · · · ·

FROELICH, J.

    **{¶ 1}**   Thomas E. Everette, Jr., appeals, pro se, from a judgment of the Montgomery

County Court of Common Pleas, which dismissed his petition for post-conviction relief without a hearing. For the following reasons, the trial court's judgment will be affirmed.

I

{¶ 2} In June 2008, Everette was convicted after a jury trial of two counts of aggravated murder, aggravated robbery, and grand theft of a motor vehicle, all with firearm specifications.[1] Everette was also convicted by the trial court of having a weapon while under disability. The charges stemmed from the shooting death of Phillip Cope on July 29, 2007, and the theft of Cope's vehicle. The two aggravated murder counts were merged, as were the firearm specifications. Everette was sentenced to an aggregate term of life imprisonment with the possibility of parole after 28 years; all of the charges were to be served concurrently to each other, and the three-year term for the firearm specification was to be consecutive and prior to this sentence as a matter of law.

{¶ 3} Everette appealed from his conviction on July 16, 2008. On August 26, 2008, six videotapes – including the trial, the hearing on Everette's motion to suppress, and the sentencing hearing – were filed. A summary of docket was filed two days later and, the same day (August 28, 2008), the Clerk of Courts issued its App.R. 11(B) notification indicating that the appellate record was complete. Written transcripts were filed on October 15, 2008. We affirmed Everette's conviction on direct appeal. *State v. Everette*, Montgomery App. No. 22838, 2009-Ohio-5738.

{¶ 4} On April 8, 2009, while his direct appeal was still pending, Everette submitted a petition for post-conviction relief. He claimed that his trial counsel had

---

[1]This was Everette's second trial. His first trial resulted in a mistrial due to a hung jury.

rendered ineffective assistance by failing to call a police detective as a witness and to obtain certain telephone records, and that the prosecutor engaged in misconduct during the State's rebuttal closing argument. Everette supported his petition with his own unsworn statement, and he indicated that he needed the transcripts to further support his claims.

{¶ 5} The State moved to dismiss Everette's petition or for summary judgment. It argued that Everette's petition was untimely because it was filed more than 180 days after the transcript of proceedings was filed on August 26, 2008. Alternatively, the State argued that Everette had not shown that there were substantive grounds for relief and that his petition should be summarily denied. The State asserted that Everette did not explain how he was prejudiced by his counsel's alleged failures to act. Further, the State asserted that Everette's claims of prosecutorial misconduct and his attorney's failure to object to such misconduct should have been raised in Everette's direct appeal.

{¶ 6} Everette opposed the State's motion, arguing that his 180-day time limitation began to run on October 15, 2008, when the written transcripts were filed. He stated that his petition was due on April 13, 2009, not February 23, 2009, as the State asserted. He also argued that he was prejudiced by the jury's not hearing the detective testify that Ashley Ross, one of the State's witnesses, knew him (Everette) prior to the day of Cope's death and not hearing that Everette had never made telephone calls to Daryl Stollings, another witness.

{¶ 7} In July 2009, the trial court dismissed Everette's petition. The court held that the petition was untimely under R.C. 2953.21(A)(2), and Everette had not established that this late filing met any of the exceptional circumstances listed in R.C. 2953.23(A). The court further stated that, even if Everette's petition had been timely, he did not show

substantive grounds for relief.

{¶ 8}  Everette appealed the dismissal of his petition for post-conviction relief.  He raised two assignments of error: (1) that the trial court erred in dismissing his petition as untimely, and (2) that his trial counsel had rendered ineffective assistance.[2]  We affirmed the trial court's dismissal of Everette's petition for post-conviction relief, concluding that the 180-day time limitation began to run when the videotapes were filed and, thus, Everette's petition was untimely.  In light of that determination, we overruled as moot Everette's second assignment of error regarding the alleged ineffective assistance of counsel.

{¶ 9}  On June 16, 2011, the Supreme Court of Ohio reversed our judgment, reasoning that the 180-day time limitation began to run when the certified written transcripts were filed.  The Supreme Court remanded the case to this court for consideration of Everette's second assignment of error.

II

{¶ 10} In his second assignment of error, Everette claims that his petition for post-conviction relief should have been granted due to ineffective assistance of trial counsel.  Everette states that his trial counsel failed to call Detective Galbraith as a witness, to gather and present his telephone records at trial, and to object to the State's rebuttal closing argument.  Everette further argues that the prosecutor engaged in misconduct during the State's rebuttal argument by commenting on evidence that was not in the record, namely that Stollings's phone was a "Cricket phone."

_____

[2]The Ohio Public Defender's Office filed an amicus curiae brief in support of Everette's argument that his petition was timely filed.    The brief did not address the merits of Everette's second assignment of error.

{¶ 11} "A post[-]conviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Stefen,* 70 Ohio St.3d 399, 410, 1994-Ohio-111. See, also, *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, ¶48. To prevail on a petition for post-conviction relief, the defendant must establish a violation of his constitutional rights which renders the judgment of conviction void or voidable. R.C. 2953.21.

{¶ 12} The post-conviction relief statutes do "not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required." *State v. Jackson* (1980), 64 Ohio St.2d 107, 110. Rather, in addressing a petition for post-conviction relief, a trial court plays a gatekeeping role as to whether a defendant will receive a hearing. *Gondor* at ¶51. A trial court may dismiss a petition for post-conviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun* (1999), 86 Ohio St.3d 279, paragraph two of the syllabus; *Gondor* at ¶51.

{¶ 13} We review the trial court's denial of Everette's petition for an abuse of discretion. *Gondor* at ¶52. An abuse of discretion implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶ 14} Everette asserts that his trial counsel should have called Detective Galbraith as a witness at trial. Everette states that the detective testified at the suppression hearing that Ashley Ross knew him (Everette) prior to the day that Cope was murdered, which was

contrary to Ross's testimony at trial that she had never seen or heard of Everette before that day. Everette further argues that the prosecutor referred to evidence outside the record in his rebuttal closing argument and that his trial counsel should have objected to that argument. For each of these arguments, Everette apparently relies on the suppression hearing and/or trial transcript.

{¶ 15} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding *** any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Goldick*, Montgomery App. No. 23690, 2010-Ohio-4394, ¶22, quoting *State v. Szefcyk,* 77 Ohio St.3d 93, 1996-Ohio-337, syllabus. A petition for post-conviction relief based on ineffective assistance of counsel is subject to dismissal on *res judicata* grounds where the defendant is represented by new counsel on direct appeal and the ineffective assistance of counsel claim could have been raised on direct appeal without resorting to evidence outside the record. *State v. Lentz* (1994), 70 Ohio St.3d 527, 529-30.

{¶ 16} Everette had new counsel on direct appeal, and the arguments concerning Detective Galbraith and the State's rebuttal closing argument could have been raised in Everette's direct appeal. Accordingly, these issues are barred by res judicata.

{¶ 17} Everette further argues that his trial court should have obtained his T-Mobile cell phone records in order to prove that Daryl Stollings never received any telephone calls from him. Everette notes that his cell phone was seized by the police when he was arrested.

{¶ 18} To establish ineffective assistance of counsel, an appellant must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Strickland v. Washington* (1984), 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136. Deficient performance means that claimed errors were so serious that the defense attorney was not functioning as the "counsel" that the Sixth Amendment guarantees. *State v. Cook* (1992), 65 Ohio St.3d 516, 524.

{¶ 19} According to the State's evidence at trial, Ross had witnessed the shooting at Cope's apartment and, afterward, Everette had told her to "wipe some things down and grab the cup he was drinking out of" and go with him. While Ross was with Everette, she called Stollings, her then-boyfriend who sold crack cocaine, and said she had to see him; Ross did not indicate whether she had used her own phone to make this call. Ross and Stollings both testified that Ross brought Everette to Stollings so that Everette could trade the gun for drugs and she could get away from Everette. Ross told Stollings that Everette had shot Cope, and she asked Stollings to take Everette into his bedroom and make the trade so she could run away. Ross fled out of the front door of Stollings's residence when Stollings took Everette into the bedroom.

{¶ 20} Stollings further testified that Everette traded a High Point 9mm handgun for crack cocaine. Everette told Stollings that the gun "was hot, it had a body on it." (Cope had been shot in the back of the head with a 9mm handgun.) After the trade, Stollings and a few friends ushered Everette out of the residence. Stollings stated that, immediately

afterward, Everette started calling him on his cell phone saying he needed to locate Ross. When asked on direct examination how Everette would have gotten his cell phone number, Stollings answered, "It was the same number that Ashley [Ross] had called me from, I guess, while they [Everette and Ross] were together." On cross-examination, Stollings repeated that, when Everette called after the trade, the incoming phone number registered the same as the number from which Ross had called earlier that evening.

{¶ 21} Everette supported his petition for post-conviction relief with his handwritten statement that his trial counsel should have obtained his phone records. In his reply to the State's motion to dismiss, Everette stated that he "never made phone calls to Daryl Stollings" and "the phone records would have changed the outcome of the trial." Apparently, he is arguing that such phone records, if they exist, would have impeached Stollings's testimony. Everette did not provide a copy of relevant phone records – or any other evidence – to establish that no calls were made, and he did not explain how the phone records, if presented at trial, would have changed the outcome of his trial.

{¶ 22} "[A] petitioner who does not submit *any* evidence will have necessarily failed to submit enough evidence to demonstrate substantive grounds for relief." *State v. Hicks*, Highland App. No. 09CA15, 2010-Ohio-89, ¶17 (emphasis in original). In the absence of *any* evidence, Everette has failed to demonstrate either that his counsel acted unreasonably or that he was prejudiced by his counsel's failure to obtain his cell phone records and use them at trial.

{¶ 23} Moreover, even if Everette's or Stollings's phone records had been submitted and they did not include phone calls from Everette to Stollings, the absence of such phone

calls would not have established that no calls were made. Stollings testified that Everette had called him from the same number that Ross had used to call him. There was no evidence regarding whose phone had been used to make those calls, and it was possible that Everette had called from Ross's phone rather than his own. The trial court did not abuse its discretion in denying his petition for post-conviction relief without a hearing.

{¶ 24} We note that Everette had asked the trial court for an investigator to assist him in obtaining the cell phone records. With limited exceptions not applicable here, a defendant has no right to the assistance of a private investigator or other expert in support of his or her petition for postconviction relief. E.g., *State v. Starks*, Lucas App. No. L-08-1221, 2009-Ohio-1125, ¶38; *State v. Madison*, Franklin App. No. 08AP-246, 2008-Ohio-5223, ¶16. Regardless, we see no reason why an investigator would have been necessary for Everette to obtain his own cell phone records.

{¶ 25} Everette's second assignment of error is overruled.

III

{¶ 26} The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOFRIO, J., concur.

(Hon. Gene Donofrio, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Michele D. Phipps
Thomas E. Everette, Jr.
Jeremy J. Masters
Hon. Michael L. Tucker